**CL**

<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
DARRELL ROTHWELL,                       :
                                        :
                      Petitioner,       :
                                        :      Civ. A. No.  99-2258 (SRC)
v.                                      :
                                        :
UNITED STATES OF AMERICA,               :      **OPINION & ORDER**
                                        :
                      Defendant.        :
_____:


<u>**Chesler, U.S.D.J.**</u>

This matter comes before the Court on the motion filed by Petitioner Darrell Rothwell,

seeking relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, of the Court's

order denying Petitioner's application for writ of habeas corpus. [Docket item 16].  In response,

the government has filed opposition in the form of a motion to dismiss Petitioner's motion.  For

the reasons set forth more fully below, the Court finds that Petitioner's motion is actually a

second or successive petition for writ of habeas corpus pursuant to Title 28 of the United States

Code, Section 2255, for which Petitioner has not obtained certification to file; therefore,

Petitioner's motion is denied.


**I. Background**

On April 9, 1996, the government filed an indictment charging Petitioner with three

counts: Count I, conspiracy in violation of Title 18 of the United States Code, Section 371; Count

II, attempted bank robbery in violation of Title 18 of the United States Code, Section 2113(a); and Count III, entering a bank with the intent to steal or rob in violation of Title 18 of the United States Code, Section 2113(a).  (Criminal Docket No. 96-196).

On November 11, 1996, a jury found Petitioner guilty of Count I and acquitted Petitioner on Counts II and III.  On April 8, 1997, the sentencing court determined that Petitioner was subject to the enhanced penalty provision of Title 18 of the United States Code, Section 3559(c) ("the Three Strikes law"), and sentenced Petitioner to life imprisonment.

Petitioner timely filed an appeal.  However, on February 4, 1998, the United States Court of Appeals for the Third Circuit affirmed the district court's judgment of conviction and sentence.  *U.S. v. Rothwell*, 142 F.3d 430 (3d Cir. 1998).  Petitioner applied for writ of certiorari, which the Supreme Court denied on May 18, 1998.  *Rothwell v. U.S.*, 523 U.S. 1131 (1998).

On May 17, 1999, Petitioner timely filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, Section 2255.  In his motion for relief, Petitioner argued: (i) he received ineffective assistance of counsel because his attorney failed to object to the use of the predicate offense carrying the highest penalty, and his trial counsel failed to make a timely objection to the application of the Three Strikes law; and (ii) the sentence imposed upon Petitioner pursuant to the Three Strikes law violated the Fifth Amendment to the United States Constitution and that his sentence was defective, resulting in a "complete miscarriage of justice."

On January 8, 2002, the Honorable John W. Bissell, U.S.D.J., dismissed all of Petitioner's claims, with the exception of Petitioner's *Apprendi* claim, which the court denied without prejudice.

On March 4, 2002, Petitioner timely appealed the order denying his petition for writ of

habeas corpus, which the Third Circuit denied.  On May 7, 2004, Petitioner sought a writ of

certiorari from the United States Supreme Court, which was denied on July 1, 2004.

On September 26, 2005, Petitioner filed the instant motion.  On June 26, 2008, the

government submitted opposition.


## II. Discussion

In this motion, Petitioner asks the Court to reconsider the order denying his motion for

habeas relief, arguing that: (i) at sentencing and on appeal, his attorney failed to inform the Court

about case law that would limit his sentence (Pet. Br. at 9-10); and (ii) the government's response

to Petitioner's 2255 petition "incorrectly stated that [Petitioner] had been convicted of conspiracy

to commit bank robbery," rather than "conspiracy to commit bank larceny," which Petitioner

contends is a non-violent offense.  (Pet. Br. at 9).  Petitioner therefore asks the Court to "reopen

the 2255 motion" and vacate his life sentence.  (Pet. Br. at 10).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of

his case, under a limited set of circumstances including fraud, mistake, and newly discovered

evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  However, when a motion filed

pursuant to Rule 60(b) seeks to collaterally attack a petitioner's underlying conviction or

sentence, rather than "the manner in which the earlier habeas judgment was procured . . . . the

motion should be treated as a successive habeas petition."  *Pridgen v. Shannon*, 380 F.3d 721,

727 (3d Cir. 2004).  *See also U.S. v. Enigwe*, 142 Fed. Appx. 642, 642-43 (3d Cir. 2005) (finding

a federal prisoner's motion pursuant to Rule 60(b) actually challenged the underlying conviction,

and  should have been construed as a § 2255 proceeding, reasoning that if the petitioner

succeeded on his claim, his sentence would have been vacated).

Although there "may be no infallible test" to determine whether a motion filed pursuant to Rule 60(b) is actually a successive 2255 petition, courts generally examine whether the "motion directly attack[s] the prisoner's conviction or sentence," or whether it "seek[s] a remedy for some defect in the collateral review process." *U.S. v. Winestock*, 340 F.3d 200, 2007 (4th Cir. 2003) (citing *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir.2002) (per curiam)).  The former will "usually amount to a successive application," while the latter "will generally be deemed a proper motion to reconsider." *Id.*   Furthermore, where a petitioner seeks to raise new claims collaterally attacking his underlying conviction, his Rule 60(b) motion must also be treated as a successive § 2255 motion.  *Gonzalez*, 545 U.S. at 531-32; *Pridgen*, 380 F.3d at 727.

If the motion filed pursuant to Rule 60(b) actually seeks relief that can only be afforded through Section 2255, the court must then determine whether the petitioner has already sought habeas relief.  "Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion."  *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255).  The court of appeals may grant certification only where a petitioner demonstrates "newly discovered evidence" that establishes the petitioner's innocence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255 (h).

Here, Petitioner's first argument merely repeats the same ineffective assistance of counsel claim he raised in his 2255 petition.  This is clearly a successive petition for relief pursuant to Section 2255.  As Petitioner has already sought habeas relief, and has not obtained certification

from the court of appeals, the Court cannot consider this second motion pursuant to Section 2255.

Petitioner's second argument, that the government's response to Petitioner's 2255 petition "incorrectly stated that [Petitioner] had been convicted of conspiracy to commit bank robbery," rather than "conspiracy to commit bank larceny," which Petitioner contends is a non-violent offense, should also be construed as a motion for habeas relief.  Although Petitioner couches his argument in language that attempts to "attack[] the manner in which the earlier habeas judgment was procured," see *Pridgen*, 380 F.3d at 727, he is actually attacking his underlying sentence.  Petitioner is asking the Court to find that the sentencing court erred in finding him eligible for the sentence enhancement provided by the Three Strikes law and to vacate his life sentence.  Such a claim is properly raised under Section 2255.  Because Petitioner has not obtained certification from the court of appeals for the court to hear such a claim, it must be dismissed.  Therefore,

**IT IS** on this 26th day of August 2008,

**ORDERED** that Petitioner's motion to obtain relief from judgment pursuant to Rule 60(b) is denied.

  s/ Stanley R. Chesler      
Stanley R. Chesler,
United States District Judge
